UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MICHIGAN

WILLE LAMARR HALL, III, an individual
And SANDRA HALL, an individual,

      Plaintiffs,

                                  Case No.

Vs.                                     Hon.

CITY OF WARREN, OFFICER GUIGAR,
OFFICER MUCZYNSKI, OFFICER VIARS
OFFICER WATKINS, OFFICER WOLOWIEC
OFFICER WESTMURLAND, STEVEN REED,
in their individual
capacities,

      Defendants,

PERKINS LAW GROUP, PLLC.
TODD RUSSELL PERKINS (P55623)
ADAM G. CLEMENTS (P77233)
409 Jefferson Ave.
6TH Floor
Detroit, Michigan 48226
(313) 964-1702

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Willie Hall and Sandra Hall, by and through their counsel, the

Perkins Law Group, PLLC, file this Complaint against Defendants City of Warren,

Ofc. Guigar, Ofc. Watkins, Ofc. Muczynski, Ofc. Viars, Ofc. Wolowiec, and Ofc.

Westerlund, Sgt. Cpl. Steven Reed and says:

1. Plaintiff Willie Hall is an individual who resides in Warren, Michigan which is in this Judicial District.

2. Plaintiff Sandra Hall is an individual who resides in Warren, Michigan which is in this Judicial District.

3. Defendant City of Warren is a Michigan municipal corporation located in this Judicial District and operates the City of Warren Police Department.

4. Defendant Ofc. Guigar is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

5. Defendant Ofc. Muczynski is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

6. Defendant Ofc. Viars is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

7. Defendant Wolowiec is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

8. Defendant Ofc. Westerlund is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

9. Defendant Ofc. Watkins is a City of Warren Police officer who transacts business in this Judicial Circuit. He is being sued in his individual capacity.

10. Defendant Detective Corporal Steven Reed is a City of Warren Police Officer who transacts business in this Judicial District. He is being sued in his individual capacity.

11. None of the individual Defendant officers are entitled to qualified or any other immunity.

12. This Court has jurisdiction over this matter pursuant to *28 USC §1331*.

13. Venue is proper in this Judicial District because all of the acts, transactions and occurrences which give rise to this action all took place in this Judicial District.

## COMMON ALLEGATIONS OF FACT

14. On September 23, 2024, Defendants Ofc. Viars and Mucysnki effectuated a traffic stop of a Black Chevrolet Equinox in front of 23679 Bolam, Warren, Michigan, the home of Plaintiffs husband and wife, Willie and Sandra Hall.

15. The driver of the Black Equinox was Tanequa Hasan and the passenger was Isaiah Marshall.

16. Sgt. Viars attempted to stop the Equinox for a traffic violation near 10 Mile and Bolam in the City of Warren.

17. The Equinox fled and a chase ensured.

18. Th Equinox stopped in front of Plaintiffs' home, 23679 Bolam.

19. Ms. Hasan and Mr. Marshall got out of the car and fled on foot into the home of Plaintiffs.

20. Sgt. Viars, and Ofc. Guigar, Ofc. Watkins, Ofc. Muczynski, Ofc. Viars, Ofc. Wolowiec, and Ofc. Westerlund followed Hasan and Marshall and made a forced entry into Plaintiffs home without warning, explanation, or a warrant.

21. Defendant officers arrested Plaintiffs who had committed no crime or other offense based only their race.

22. Defendant officers used pepper spray, painful debilitating restraint tactics, threats laced with profanity and other unnecessary uses of force which injured and terrorized Plaintiffs who thought that they were going to be killed.

23. The assault of Plaintiffs was witnessed by their minor daughter, Brielle.

24. On September 24, 2024, Defendant Detective Cpl. Steven Reed swore to a Felony Complaint against Plaintiffs for assaulting/resisting/obstructing an officer (MCL 750.81d(1) were charged with resisting and obstructing.

25. Arrest warrants were issued for Plaintiffs based on the fraudulent misrepresentations of fact made to the magistrate judge.

26. On November 12, 2024, all criminal charges against Plaintiffs were dismissed by the Prosecutor who entered a *Nolle Prosecqui* on November 12, 2024.

**COUNT I:**
***FOURTH AMENDMENT* VIOLATIONS OF UNLAWFUL ARREST, MALICIOUS PROSECUTION AND USE OF EXCESSIVE FORCE**

27. Plaintiffs reassert paragraph for paragraph and word for word the allegations made above.

28. The *Fourth Amendment* guarantees persons against unreasonable search and seizure by state actors. *U.S. Const. amend IV.*

29. The *Fourth Amendment* requires probable cause for an officer to arrest and initiate criminal charges against a person.

30. Plaintiffs are persons covered under the *Fourth Amendment.*

31. Defendant Officers are state actors bound by *42 USC §1983* which permit Plaintiffs to file this civil rights action for the deprivation of their respective clearly established *Fourth Amendment* rights.

32. Defendant Officers lacked any probable cause to arrest Plaintiffs for any crime related to Officer's nonconsensual warrantless entry into their home.

33. Defendant Officers each used and/or participated in the use of unreasonable force against Plaintiff when they used mace in a closed and confirmed area at Plaintiffs, used various strikes and painful "compliance" methods despite the fact that the Officers had no legal right to arrest Plaintiff, threatened violence, and took other unreasonable measures both before and after Plaintiffs' were neutralized and in handcuffs.

34. Defendant Officers, including Reed, initiated criminal proceedings against Plaintiffs knowing that they lacked probable cause to do so.

35. The criminal charges were resolved in Plaintiffs' favor when criminal charges were dismissed.

36. As a direct and proximate cause of the Defendant Officers constitutional violations, Plaintiffs suffered economic and non-economic injuries including, but not limited to, pain and suffering, shock, dismay, agony, humiliation, degradation, anxiety, embarrassment, loss of the enjoyments and pleasures of life, aggravation of preexisting conditions, payment of attorney fees, medical expenses, and other compensatory injuries which will continue beyond the life Plaintiffs.

**ACCORDINGLY,** Plaintiffs each ask for a judgment in excess of the jurisdictional limit of this Court against Defendants Ofc. Guigar, Ofc. Watkins, Ofc. Muczynski, Ofc. Viars, Ofc. Wolowiec, and Ofc. Westerlund, Sgt. Cpl. Steven Reed including all compensatory and punitive damages, attorney fees, costs, interest, equitable, and other relief as permitted by *42 USC 1983, 1985, 1988* and good conscience.

## COUNT II

### *MONELL* CLAIM AGAINST THE CITY OF WARREM

37. Plaintiffs reassert each allegation above, word for word and paragraph for paragraph.

38. At the time of the constitutional deprivations discussed above, Defendant City of Warren had an illegal policy or custom of violating the *Fourth Amendment's* prohibition against unlawful search and seizures.

39. At the time of the constitutional deprivations described above, the City of Warren

failed to train its deputies in the requirements for an unlawful entry and seizure of persons from their homes without a warrant and use of force against inhabitants and/or bystanders, as Defendant Officers treated Plaintiffs in this case.

40. At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendant Ofc. Guigar, Ofc. Watkins, Ofc. Muczynski, Ofc. Viars, Ofc. Wolowiec, and Ofc. Westerlund, Sgt. Cpl. Steven Reed, was ratified by an official with final decision-making authority and a custom of acquiescence and tolerance constitutional violations like Plaintiffs were treated in this case.

41. Defendant City of Warren's unlawful policy, practice, or custom was the moving force behind the constitutional violations committed by Defendant Officers Ofc. Guigar, Ofc. Watkins, Ofc. Muczynski, Ofc. Viars, Ofc. Wolowiec, and Ofc. Westerlund, and Sgt. Cpl. Steven Reed.

42. As a direct and proximate result of Defendant City of Warren's actions, Plaintiffs suffered economic and non-economic injuries including, but not limited to, pain and suffering, shock, dismay, agony, humiliation, degradation, anxiety, embarrassment, loss of the enjoyments and pleasures of life, aggravation of preexisting conditions, payment of attorney fees, medical expenses, and other compensatory injuries which will continue beyond the life Plaintiffs.

**ACCORDINGLY,** Plaintiffs each ask for a judgment in excess of the jurisdictional limit of this Court against Defendant City of Warren including all compensatory and punitive damages, attorney fees, costs, interest, equitable, and other relief as permitted by *42 USC 1983, 1985, 1988* and good conscience.

RESPECTFULLY SUBMIITED,

/s/ *Todd Russell Perkins*
THE PERKINS LAW GROUP, PLLC
TODD RUSSELL PERKINS (P55623)
Date:      04/28/2026      ADAM G. CLEMENTS (P77233)

## JURY DEMAND

Plaintiffs demand a jury trial for this cause of action.

Respectfully submitted,

s/ Todd Russell Perkins
Todd Russell Perkins (P55623)
Adam G. Clements (P77233)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
409 E. Jefferson, 6th Floor
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

Date:  04/28/2026